SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 13      3534

-----------------------------------------------------------------

DARREN COLLINS and TOMMY RICE,

**COMPLAINT**

Plaintiffs, VITALIANO, J.

-against-

Jury Trial Demanded

CITY OF NEW YORK, DANIEL PANTALEO, and JOHN and
JANE DOE 1 through 10, individually and in their official
capacities, (the names John and Jane Doe being fictitious, as the
true names are presently unknown),

Defendants.

-----------------------------------------------------------------X

Plaintiffs DARREN COLLINS and TOMMY RICE, by their attorneys, Leventhal &

Klein, LLP, complaining of the defendants, respectfully allege as follows:

## Preliminary Statement

1.     Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of their civil rights, as said

rights are secured by said statutes and the Constitutions of the United States and the State of New

York. Plaintiffs also assert supplemental state law claims.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, the Fourth

and Fourteenth Amendments to the United States Constitution. Plaintiffs assert supplemental

state law claims pursuant to common law and the New York State Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

1

## VENUE

4.       Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.       Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.       Plaintiff DARREN COLLINS is a forty-five year old African American citizen of the United States, and at all relevant times was a resident of Staten Island, New York.

7.       Plaintiff TOMMY RICE is a forty-two year old African American citizen of the United States, and at all relevant times was a resident of Staten Island, New York.

8.       Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.       Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.       That at all times hereinafter mentioned, the individually named defendants, DANIEL PANTALEO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.       That at all times hereinafter mentioned the defendants, either personally or

2

through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On March 22, 2012, at approximately 10:00 a.m., plaintiffs DARREN COLLINS and TOMMY RICE were lawful passengers in a motor vehicle located in front of 81 Jersey Street, Staten Island, New York. At said date, time and location, the defendant NYPD officers unlawfully stopped said vehicle and requested the license and vehicle registration from the driver, Morris Wilson, and from plaintiff COLLINS.

14.     Both Mr. Wilson and plaintiff COLLINS complied with the officers' request and provided their driver licenses and the vehicle registration.

15.     Shortly thereafter, the defendant officers ordered plaintiffs COLLINS and RICE out of said vehicle and unlawfully searched them, despite lacking reasonable suspicion to believe that they had committed any crime or offense.

16.     The defendant officers handcuffed plaintiffs COLLINS and RICE, despite lacking probable cause to believe that either plaintiff had committed any crime or offense.

17.     The defendant officers subjected plaintiffs COLLINS and RICE to a humiliating and unlawful strip search in public view at said location. The defendants forced plaintiffs to pull their pants and underwear down, squat and cough.

3

18.     Thereafter, the defendant officers transported plaintiffs to the NYPD's 120th precinct stationhouse and imprisoned plaintiffs therein.

19.     In the 120th precinct, the defendants subjected plaintiffs COLLINS and RICE to a second humiliating and unlawful strip search. The defendant officers forced plaintiffs COLLINS and RICE to remove all of their clothing, squat, cough, and lift their genitals.

20.     The defendants imprisoned plaintiffs COLLINS until the following day when all charges filed against plaintiff COLLINS were dismissed at his arraignment in Richmond County Criminal Court. Plaintiff COLLINS was arraigned on baseless charges filed under docket numbers 2012RI002781; said charges having been filed based on the false allegations of defendant PANTALEO. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

21.     The defendants imprisoned plaintiff RICE until he was arraigned in Richmond County Criminal Court on baseless charges filed under docket numbers 2012RI002779; said charges having been filed based on the false allegations of defendant PANTALEO. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

22.     Over the course of the next seven months, the malicious prosecution compelled plaintiff RICE to return to Court for three appearances.

23.     On October 16, 2012, all of the purported charges levied against plaintiff RICE,

4

based on the false allegations of the defendants, were dismissed and sealed in Richmond County Criminal Court.

24.     All of the above occurred while other defendant NYPD officers who were present or otherwise aware of the incident failed to intervene in the illegal conduct described herein.

25.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and due to a *de facto* policy of falsification.

26.     As a result of the foregoing, plaintiffs DARREN COLLINS and TOMMY RICE sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

### Federal Claims

#### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

27.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "26" with the same force and effect as if fully set forth herein.

28.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

29.     All of the aforementioned acts deprived plaintiffs DARREN COLLINS and TOMMY RICE, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

30.     The acts complained of were carried out by the aforementioned individual

5

defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

32.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

33.     As a result of the foregoing, plaintiffs DARREN COLLINS and TOMMY RICE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

34.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35.     Defendants arrested plaintiffs DARREN COLLINS and TOMMY RICE without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

36.     Defendants caused plaintiff DARREN COLLINS and TOMMY RICE to be falsely arrested and unlawfully imprisoned.

37.     As a result of the foregoing, plaintiffs DARREN COLLINS and TOMMY RICE

6

are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. §1983)

38.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.     Defendants strip searched plaintiffs DARREN COLLINS and TOMMY RICE in the absence of reasonable individualized suspicion that plaintiffs were in possession of weapons or contraband at the time they were searched.

40.     Defendants thereby caused plaintiffs DARREN COLLINS and TOMMY RICE to be deprived of their right to be free from unlawful strip searches.

41.     As a result of the foregoing, plaintiffs DARREN COLLINS and TOMMY RICE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

42.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     Defendants initiated, commenced and continued a malicious prosecution against plaintiffs DARREN COLLINS and TOMMY RICE.

44.     Defendants caused plaintiffs DARREN COLLINS and TOMMY RICE to be

7

prosecuted without probable cause until the charges against plaintiff COLLINS were dismissed on March 23, 2012 and until the charges against plaintiff RICE were dismissed on October 16, 2012.

45.    As a result of the foregoing, plaintiffs DARREN COLLINS and TOMMY RICE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

46.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.    Defendants had an affirmative duty to intervene on behalf of plaintiffs DARREN COLLINS and TOMMY RICE, whose constitutional rights were being violated in their presence by other officers.

48.    The defendants failed to intervene to prevent the unlawful conduct described herein.

49.    As a result of the foregoing, plaintiffs DARREN COLLINS and TOMMY RICE's liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints.

50.    As a result of the foregoing, plaintiffs DARREN COLLINS and TOMMY RICE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

8

### AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

51.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     The supervisory defendants personally caused plaintiffs DARREN COLLINS and TOMMY RICE's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

53.     As a result of the foregoing, plaintiffs DARREN COLLINS and TOMMY RICE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

54.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     The defendants seized plaintiffs DARREN COLLINS and TOMMY RICE, and detained, arrested, and imprisoned plaintiffs because of their national origin and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

56.     As a result of the foregoing, plaintiffs DARREN COLLINS and TOMMY RICE were deprived of their rights under the Equal Protection Clause of the United States Constitution.

57.     As a result of the foregoing, plaintiffs DARREN COLLINS and TOMMY RICE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled

to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

58.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

60.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, unlawfully subjecting individuals to strip searches; engaging in a practice of falsification and manufacturing evidence, and; inadequate screening, hiring, retaining, training and supervising its employees.   These customs, policies, usages practices, procedures and rules were the moving force behind the violation of plaintiffs DARREN COLLINS and TOMMY RICE's rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

61.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and the constitutional rights of plaintiffs DARREN COLLINS and TOMMY RICE.

62. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs DARREN COLLINS and TOMMY RICE as alleged herein.

63. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs DARREN COLLINS and TOMMY RICE as alleged herein.

64. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs DARREN COLLINS and TOMMY RICE were unlawfully arrested, strip searched, and maliciously prosecuted.

65. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DARREN COLLINS and TOMMY RICE'S constitutional rights.

66. All of the foregoing acts by defendants deprived plaintiff DARREN COLLINS and TOMMY RICE of federally protected rights, including, but not limited to, the right:

     A. Not to be deprived of liberty without due process of law;

     B. To be free from false arrest;

     C. To be free from illegal strip searches;

     D. To be free from malicious prosecution;

     E. To be free from the failure to intervene; and

11

F.   To receive equal protection under law.

67.   As a result of the foregoing, plaintiffs DARREN COLLINS and TOMMY RICE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### Supplemental State Law Claims

68.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.   Within ninety (90) days after the claim herein accrued, plaintiff DARREN COLLINS duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

70.   The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

71.   This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

72.   Plaintiffs DARREN COLLINS and TOMMY RICE haves complied with all conditions precedent to maintaining the instant action.

73.   This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A NINTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

74.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     Defendants arrested plaintiffs DARREN COLLINS and TOMMY RICE without probable cause.

76.     Plaintiffs DARREN COLLINS and TOMMY RICE were detained against their will for an extended period of time and subjected to physical restraints.

77.     As a result of the aforementioned conduct, plaintiffs DARREN COLLINS and TOMMY RICE were unlawfully imprisoned in violation of the laws of the State of New York.

78.     As a result of the aforementioned conduct, plaintiffs DARREN COLLINS and TOMMY RICE suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

79.     As a result of the foregoing, plaintiffs DARREN COLLINS and TOMMY RICE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

80.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     As a result of the foregoing, plaintiffs DARREN COLLINS and TOMMY RICE were placed in apprehension of imminent harmful and offensive bodily contact.

82.     As a result of defendant's conduct, plaintiffs DARREN COLLINS and TOMMY RICE have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

13

83. As a result of the foregoing, plaintiffs DARREN COLLINS and TOMMY RICE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

84. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. Defendants made offensive contact with plaintiffs DARREN COLLINS and TOMMY RICE without privilege or consent.

86. As a result of defendants' conduct, plaintiffs DARREN COLLINS and TOMMY RICE have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

87. As a result of the foregoing, plaintiffs DARREN COLLINS and TOMMY RICE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Unlawful Strip Search under the laws of the State of New York)

88. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Plaintiffs DARREN COLLINS and TOMMY RICE were unlawfully strip searched in the absence of reasonable individualized suspicion that plaintiffs were in possession

14

of weapons or contraband at the time they were searched.

90.     As a result of defendants' conduct, plaintiffs DARREN COLLINS and TOMMY RICE have suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

91.     As a result of the foregoing, plaintiffs DARREN COLLINS and TOMMY RICE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Malicious Prosecution under the laws of the State of New York)

92.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     Defendants initiated, commenced and continued a malicious prosecution against plaintiffs DARREN COLLINS and TOMMY RICE.

94.     Defendants caused plaintiffs DARREN COLLINS and TOMMY RICE to be prosecuted without probable cause until the charges were dismissed on March 23, 2012 and on October 16, 2012.

95.     As a result of the foregoing, plaintiffs DARREN COLLINS and TOMMY RICE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

96.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

98.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

99.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

100.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs DARREN COLLINS and TOMMY RICE.

101.    As a result of the aforementioned conduct, plaintiffs DARREN COLLINS and TOMMY RICE suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

102.    As a result of the foregoing, plaintiffs DARREN COLLINS and TOMMY RICE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

103.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "102" with the same force and effect as if fully set forth herein.

104. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest, strip search, and prosecution of plaintiffs DARREN COLLINS and TOMMY RICE.

105. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

106. As a result of the foregoing, plaintiffs DARREN COLLINS and TOMMY RICE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

107. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted, supervised and participated in the arrest, strip search and prosecution of plaintiffs DARREN COLLINS and TOMMY RICE.

109. As a result of the foregoing, plaintiffs DARREN COLLINS and TOMMY RICE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus

17

reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

110.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.    Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

112.    As a result of the foregoing, plaintiffs DARREN COLLINS and TOMMY RICE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

113.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

115.    As a result of the foregoing, plaintiffs DARREN COLLINS and TOMMY RICE

18

are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

116.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.   As a result of defendants' conduct, plaintiffs DARREN COLLLINS and TOMMY RICE were deprived of their right to equal protection of laws.

118.   As a result of the foregoing, plaintiffs DARREN COLLLINS and TOMMY RICE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

119.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth herein.

120.   As a result of defendants' conduct, plaintiffs DARREN COLLLINS and TOMMY RICE were deprived of their right to security against unreasonable searches, seizures, and interceptions.

121.   As a result of the foregoing, plaintiffs DARREN COLLLINS and TOMMY RICE

19

are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs DARREN COLLINS and TOMMY RICE demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages in an amount to be determined by a jury;

(C)     reasonable attorney's fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       June 20, 2013

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:     _____
        BRETT H. KLEIN
        BRETT@LEVKLEIN.COM
Attorneys for Plaintiffs DARREN COLLINS and
TOMMY RICE

        JL@LEVKLEIN.COM